

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-13-2009

# Rogers v. United States

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1209

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Rogers v. United States" (2009). *2009 Decisions.* Paper 2045.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2045

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-58                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-1209

———————

KEVIN ROGERS, C/O MS. NANCY MALVEAUX,
Executive Director URBAN RENEWAL CORP.
890 SOUTH 14 STREET, 1ST FL., NEWARK NEW JERSEY 07103;
URBAN RENEWAL CORP SHELTER CLIENTS;
UNITED STATES DEPARTMENT OF HEALTH AND
HUMAN GENERAL ASSISTANCE AND TANF CLIENTS;
UNITED STATES DEPARTMENT OF LABOR ONW=E
STOP GENERAL ASSISTANCE AND TANK CLIENTS;
NEW JERSEY DEPARTMENT OF HEALTH AND HUMAN
GENERAL ASSISTANCE AND TANF CLIENT;
NEW JERSEY DEPARTMENT OF LABOR ONE STOP
GENERAL ASSISTANCE AND TANF CLIENTS;
ESSEX COUNTY DIVISION OF HEALTH AND HUMAN
SERVICES GENERAL ASSISTANCE AND TANF CLIENT;
NEWARK DIVISION OF HEALTH AND HUMAN SERVICE
GENERAL ASSISTANCE AND TANF CLIENT

v.

UNITED STATES;
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES;
UNITED STATES DEPARTMENT OF LABOR ONE STOP; NEW JERSEY;
NEW JERSEY COMMISSION OF PENSION AND HEALTH BENEFIT REVIEWS;
NEW JERSEY DEPARTMENT OF LABOR ONE STOP; ESSEX COUNTY;
ESSEX COUNTY DIVISION OF HEALTH AND HUMAN SERVICE;
NEWARK THE CITY; NEWARK DIVISION OF HEALTH AND HUMAN SERVICE;
NEW JERSEY UNIVERSITY OF MEDICINE AND DENTISTRY;
SAINT MICHAEL MEDICAL CENTER; SAINT BARNABAS MEDICAL CENTER;
BETH ISRAEL MEDICAL CENTER; EAST ORANGE MEDICAL CENTER;
NEW JERSEY PHYSICIAN OF PRIVATE PRACTICE;

Kevin Rogers,
Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-cv-05727)
District Judge:  Honorable Joseph A. Greenaway

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 18, 2008

Before: RENDELL, HARDIMAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Filed: January 13, 2009)

OPINION OF THE COURT

PER CURIAM

Kevin Rogers, proceeding pro se, appeals from an order of the United States District Court for the District of New Jersey dismissing his civil rights complaint as duplicative of a brief he filed in Civil Action No. 07-01219, which was then pending before the District Court.  That pending case was eventually dismissed by order of the District Court pursuant to Federal Rules of Civil Procedure Rules 8(a) and (12(e).  Rogers appealed from that order and we dismissed the case for failure to timely prosecute under Federal Rules of Appellate Procedure Rule 3(a)(2).  <u>See</u> <u>Rogers, et al. v. United States</u>, No. 08-2440.

We agree with the District Court that Rogers took an identical filing from that

2

previous suit and used it as his complaint in the instant litigation.[1]  The duplicative nature

of the complaint aside, we also find that nowhere amidst the fantastical scenarios and

allegations that Rogers describes is a claim upon which relief may be granted.

Accordingly, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

_____

[1] In his notice of appeal, Rogers attempts to distinguish the two cases by suggesting that the previous suit involved allegations of "Federal Housing Fraud and Genocide," while the current suit alleges "violations of Federal Funded Programs related to Shelter Transitional Housing and violations of Federal Labors."  (NOA at 2-3.)  He immediately changes position, however, and claims that the first suit "was concerned with Federal Housing Discrimination and Federal Security Fraud."  (NOA at 3.)  Rogers' distinctions notwithstanding, the claims in each suit are substantially similar, if not identical in many respects.